# NO. 12-13-00275-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JOSEPH EARL LOVELY,*<br>*APPELLANT* | § | *APPEAL FROM THE 3RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

### MEMORANDUM OPINION
### PER CURIAM

Joseph Earl Lovely appeals his conviction for the offense of unlawful possession of a firearm by a felon following the revocation of his community supervision, for which he was sentenced to imprisonment for ten years. Appellant's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

### BACKGROUND

In 2007, Appellant was charged by indictment with unlawful possession of a firearm by a felon. Pursuant to a negotiated plea agreement, Appellant pleaded guilty, and the trial court accepted the plea. The trial court sentenced Appellant to ten years of imprisonment and assessed a fine of $1,500.00, but suspended his sentence and placed him on community supervision for ten years.

In 2010, Appellant's community supervision officer submitted a violation report to the trial court, alleging that Appellant tested positive for marijuana use on several occasions, which was a violation of the terms of his community supervision. According to the officer, Appellant admitted using marijuana. Also, the officer alleged that Appellant failed to complete any community service hours, as required by the conditions of his supervision, for a period of almost

two years, and that he failed to pay some of the fees associated with his community supervision. The State filed a motion to revoke Appellant's community supervision. Although the trial court could have revoked Appellant's community supervision, it instead modified Appellant's community supervision terms, requiring him to attend a "substance abuse sanction program," to serve forty-five days of confinement in the county jail, and to pay the community supervision fee arrearages.

In 2012, the State filed another motion to revoke Appellant's community supervision, alleging that he had committed new offenses while on community supervision, including a second unlawful possession of a firearm by a felon offense, for which he was convicted in Dallas County, possession of cocaine with intent to deliver, and possession of marijuana. In addition, the State alleged in the motion that Appellant failed to perform any community service hours and also that he failed to pay his fine and community supervision costs.

Appellant pleaded "true" to the allegations in the State's motion that he had a second conviction for illegal possession of a firearm by a felon while on community supervision and that he failed to perform any community service hours. He pleaded "not true" to the possession of cocaine with intent to deliver and possession of marijuana allegations. Furthermore, Appellant claimed he could not pay his fine or community supervision costs because he was indigent. During the hearing on the motion to revoke, Appellant admitted on cross-examination that the police report for the most recent possession of a firearm conviction stated that when the police entered the residence, he had a pistol in his hand, and that there was cocaine, marijuana, scales, and baggies packed for sale in the apartment. Appellant admitted that there were firearms in the residence, but denied that he actually held a firearm in his hand. He also stated that he was never convicted of the marijuana or cocaine possession charges.

After the hearing, the trial court found all the allegations in the State's motion to be true except for Appellant's failure to pay his fines and costs associated with his community supervision, and sentenced him to ten years of imprisonment. The Texas Court of Criminal Appeals granted Appellant an out-of-time appeal, and this appeal followed.[1]

---

[1] *See* **Ex parte Lovely**, No. WR-79,208-02, 2013 WL 3855652, at *1 (Tex. Crim. App. July 24, 2013) (op., not designated for publication) (per curiam).

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders v. California* and *Gainous v. State*. Appellant's counsel states that he has diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. He further relates that he is well acquainted with the facts in this case. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978), Appellant's brief presents a chronological summation of the procedural history of the case and further states that Appellant's counsel is unable to raise any arguable issues for appeal.[2] We have likewise reviewed the record for reversible error and have found none.

## CONCLUSION

As required by *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991), Appellant's counsel has moved for leave to withdraw. *See also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. Having done so and finding no reversible error, Appellant's counsel's motion for leave to withdraw is hereby *granted* and the appeal is *affirmed*.

As a result of our disposition of this case, Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; *In re Schulman*, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf or he must file a petition for discretionary review pro se. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review should comply with

---

[2] Counsel for Appellant states in his motion to withdraw that he provided Appellant with a copy of this brief. Appellant was given time to file his own brief in this cause. The time for filing such a brief has expired and no pro se brief has been filed.

the requirements of Texas Rule of Appellate Procedure 68.4. *See **In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered June 30, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JUNE 30, 2014

NO. 12-13-00275-CR

**JOSEPH EARL LOVELY,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 3rd District Court

of Anderson County, Texas (Tr.Ct.No. 29110)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*